UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Plaintiff,<br><br>   v.<br><br>GORDON ERNST, *et al.*,<br><br>      Defendants. | Crim. No. 19-cr-10081-IT-MPK |

**JOINT INTERIM STATUS REPORT**

Pursuant to Local Rule 116.5(b), the parties hereby file the following status report prepared in connection with the Interim Status Conference that is currently scheduled for January 17, 2020.

**(1)**   **Automatic Discovery & Pending Discovery Requests**

The Government provided initial discovery in this case to the Defendants on or about April 25, 2019, and produced supplemental discovery on or about May 29, 2019, July 1, 2019, August 30, 2019, October 31, 2019, and January 10, 2020. The discovery was provided on hard drives, DVDs, and thumb drives. The Government provided Defendants with general indices and multiple databases in load-ready forms. Defendants are currently reviewing these indices and the discovery.

The more than one million pages of discovery produced by the Government is lacking meaningful indices and is challenging, time consuming, and cumbersome to search. At the last status conference this Court directed the Government to "isolate document particular to certain Defendants" and identify the "documents [] the Government consider[s] to be key on each Defendant." (*United States v. Ernst, et al.*, Case No. 1:19-cr-10081-IT, 10/1/19 Status Conf., 10:25-11:1, 17-18). The Defense asserts that the Government has not done that.

The Government disagrees with the Defendants' assertions.  First, the indexes provided have been produced as required under the rules, and the Government is soon producing a more comprehensive index.  In addition, the Government has met with each Defendant who has requested a "reverse proffer" and has provided each Defendant with an overview of the case against him/her.  In some instances, the Government has even produced a PowerPoint presentation highlighting key calls, text messages and documents.  The Government has gone above and beyond what the Court required.

The Defense disagrees that the Government has complied with the Court's directive of October 1, 2019. The Defense asserts that a reverse proffer which identifies approximately 20-30 documents lacking bates stamps does not "really capture[] everything that pertains to each Defendant" given the volume of discovery produced and continuing to be produced in this matter. (Id. at 12:6-8.)  In addition, the Government has not provided any search terms to assist the Defense in searching the voluminous discovery. (See id. at 12:3-4.)

Defendants have not yet produced any discovery to the Government.

The Government has received discovery requests from Defendant Heinel. The Government believes it has addressed Defendant Heinel's requests, and there are currently no pending discovery requests. Defendant Heinel does not agree that the Government has addressed Defendant Heinel's requests and reserves the right to further meet and confer and to file a discovery motion addressing these requests at a later date as necessary. Specifically, Defendant Heinel has sent the Government letter requests for discovery on August 28, 2019, September 18, 2019, and November 18, 2019; and intends to send another discovery letter before the next status conference. The Government has declined to produce the majority of items requested.

897923.1

Pursuant to Fed. R. Crim. P. 17(c), Defendant Jorge Salcedo intends to file a motion to request issuance of pre-trial subpoenas to UCLA and the University of California Board of Regents before the upcoming Status Conference. Defendant Salcedo also intends to make an initial production of reciprocal automatic discovery to the Government under Rule 116.1(a)(1) before the Status Conference.

Defendant Heinel has been in communication with USC for approximately the past three months attempting to negotiate voluntary production of documents. On December 11, 2019, USC filed a protective order in anticipation of voluntary production. (Dkt. No. 314.) Additionally, Defendant Donna Heinel intends to file motions to request issuance of pre-trial subpoenas to USC, AT&T, Creating Answers, LLC, The Edge College & Career Network, LLC, the Key Worldwide Foundation, and potentially others.

**(2)    Additional Discovery**

The Government produced approximately 6,364 new records[1] of discovery on January 10, 2020, and anticipates producing the e-mails obtained by the Government through court-authorized search warrants within the next few weeks.[2] The Defense does not know the volume of that forthcoming production, although the Government believes that the volume is minimal. To the extent the Government obtains additional Rule 16 discovery, the Government will provide it to Defendants pursuant to Local Rule 116.7.

Defendants state that they cannot provide discovery to the Government until after they have each evaluated the Government's discovery and can reasonably determine what materials each will use in "the Defendant's case-in-chief at trial" as required by Fed. R. Crim. P. 16.

---

[1] The Defense does not know how many pages are included in this number.
[2] In response to a Defense request the Government also reproduced all previously produced financial records with corresponding Bates numbers.

The Government replies that Defendants have now had approximately 8 months to review the Government's discovery, confer with their clients, and strategize regarding potential Defenses, and some reasonable deadline should be set for Defendants to complete discovery and that Defendants may later supplement if they receive any materials after the deadline.

The Defense replies: (1) that Defendants disclosure obligations under Rule 16 are not triggered until such time as the Government has complied with the Defendants requests for disclosure, which the Government has not and, (2) that the Government request for a date for Defense discovery disclosure is premature given that the Defense has not yet completed review of the millions of pages of discovery provided by the Government, the Government has not complied with the Court's directive at the last status conference to highlight key documents for each Defendant (*United States v. Ernst, et al.*, Case No. 1:19-cr-10081-IT, 10/1/19 Status Conf., 10:25-11:1, 17-18), and the Government has not yet completed its disclosure. Thus, setting a date for Defense disclosure is premature at this time. The Government does not agree.

**(3)** **Timing of Additional Discovery Requests**

While recognizing that additional discovery issues may arise after these dates, the Government proposes the following briefing schedule for discovery motions:

- Motions and opening memoranda       March 13, 2020
- Opposition memoranda                April 30, 2020
- Reply briefs                        May 15, 2020

The Defendants object to the setting of a briefing schedule for discovery motions at this time. The Defendants are diligently reviewing the large quantity of discovery provided by the Government and continuing to receive more discovery from the Government. Because the

Defendants are actively engaged in this process the Defendants believe it is premature to set a deadline or briefing schedule for discovery requests at this time.

**(4) Protective Orders**

There is a protective order currently in place. Should a party seek modification of any existing protective order, a motion will be filed with the Court to address any issue.

**(5) Pretrial Motions Under Fed. R. Crim. P. 12(b)**

At the interim status conference on October 30, 2019, the Government proposed a briefing schedule for all Rule 12(b) motions, while Defendants proposed a briefing schedule solely for a Rule 12(b)(3)(B)(v) motion to dismiss for failure to state an offense concerning the single RICO conspiracy count. The Court thereafter set a briefing schedule on the Rule 12(b)(3)(B)(v) motion only, which the Court subsequently amended. Defendants filed their Rule 12(b)(3)(B)(v) motions on or about December 20, 2019. The Government's opposition is due January 17, 2020. Defendants' reply briefs, if any, are due by February 14, 2020.

The Government now proposes a briefing schedule for any remaining Rule 12(b) motions as follows:

- Motions and opening memoranda    March 13, 2020
- Opposition memoranda    April 30, 2020
- Reply briefs    May 15, 2020
- Proposed Hearing Date    Week of June 1, 2020

The Defendants object to the setting of a briefing schedule for remaining Rule 12(b) motions at this time. The setting a briefing schedule for other Rule 12(b) motions is premature in advance of the hearing on the pending Motions to Dismiss. Further, the Defense replies that valuable resources would need to be dedicated to drafting motions when those resources are better

used to review the voluminous existing and forthcoming discovery the Government has and has indicated it will produce.

**(6)    Expert Discovery**

The parties are unable to reach agreement on expert disclosure. The Government proposes disclosure 45 days prior to trial. The Defense posits that this time period is insufficient to provide the Defense with proper notice and enough time in which to identify rebuttal experts in advance of trial.

**(7)    Defenses of Insanity, Public Authority, or Alibi**

No Defendant intends to offer Defenses of insanity, public authority, or alibi.

**(8)    Speedy Trial Act**

The 70-day period specified in 18 U.S.C. § 3161(c)(1) commenced on March 25, 2019 with the Defendants' initial appearance in this District. In Orders entered March 25, 2019, June 3, 2019, and October 1, 2019, the Court has excluded all time between March 25, 2019 and January 17, 2020 under the Speedy Trial Act. *See* Dkts. 109 184, & 251.

The parties have conferred and ask that the Court exclude the period from the time of the interim status conference on January 17, 2020 to the time of the next status conference, under 18 U.S.C. § 3161(h)(1)(D), while Defendants' motions to dismiss are pending, and § 3161(h)(7)(A), to permit the Defendants time to review discovery, confer with their respective counsel, and prepare and file any additional Rule 12(b) motions. The ends of justice served by this exclusion outweigh the interests of the public and the Defendants in a speedy trial.

**(9)    Status of Plea Discussions and Likelihood and Estimated Length of Trial**

Defendants Dvorskiy, Fox, Janke, Khosroshahin, and Masera have already entered plea agreements. The Government is in plea discussions with additional Defendants. Depending on

the number of Defendants remaining for trial, the Government currently estimates that its case-in-chief would take approximately three to six weeks, assuming half-day sessions.

**(10)** **Final Status Conference**

The Government requests a final status conference the week of June 15, 2020, or at such time as is convenient to the Court.

The Defense objects to the setting of any final status conference date in light of the aforementioned.

                                        Respectfully Submitted,

                                        **ANDREW E. LELLING**
                                        **UNITED STATES ATTORNEY**

                                        /s/ *Eric S. Rosen*
                                        ERIC. S. ROSEN
                                        JUSTIN D. O'CONNELL
                                        LESLIE A. WRIGHT
                                        KRISTEN A. KEARNEY
                                        Assistant United States Attorneys
                                        John Joseph Moakley Courthouse
                                        One Courthouse Way, Suite 9200
                                        Boston, Massachusetts 02210
                                        Tel: (617)-748-3100
                                        Eric.Rosen@usdoj.gov
                                        Justin.O'Connell@usdoj.gov
                                        Leslie.Wright@usdoj.gov
                                        Kristen.Kearney@usdoj.gov

Dated: January 10, 2020                  /s/ *Nina Marino*
                                        Nina Marino, Counsel for Donna Heinel
                                        Richard Kaplan
                                        Jennifer Lieser
                                        Casey Clark
                                        KAPLAN MARINO, P.C.
                                        9454 Wilshire Blvd., Ste. 902
                                        Beverly Hills, CA 90212
                                        Tel:  (310) 557-0007
                                        marino@kaplanmarino.com

Dated: January 10, 2020                  /s/ *Megan A. Siddall*
                                          Megan A. Siddall, Counsel for Gordon Ernst
                                        Seth B. Orkand
                                        Tracy A. Miner
                                        Miner Orkand Siddall LLP
                                        470 Atlantic Ave., 4th Floor
                                        Boston, MA 02210
                                        Tel: (617) 273-8406
                                        msiddall@mosllp.com
                                        sorkand@mosllp.com

897923.1

|  |  |
|---|---|
|  | tminer@mosllp.com |
| Dated: January 10, 2020 | */s/  Eric B. Tennen* |
|  | Eric B. Tennen, Counsel for Niki Williams |
|  | Swomley & Tennen, LLP |
|  | 50 Congress Street, Ste. 600 |
|  | Boston, MA  02109 |
|  | Tel: (617) 227-8059 |
|  | etennen@swomleyandtennen.com |
| Dated: January 10, 2020 | */s/  Shaun G. Clarke* |
|  | Dane C. Ball, Counsel for William Ferguson |
|  | Shaun G. Clarke |
|  | Alexander M. Wolf |
|  | Smyser Kaplan & Veselka L.L.P. |
|  | 700 Louisiana Street, Ste. 2300 |
|  | Houston, TX  77002 |
|  | Tel: (713) 221-2300 |
|  | dball@skv.com |
|  | sclarke@skv.com |
|  | awolf@skv.com |
| Dated: January 10, 2020 | */s/  Thomas C. Frongillo* |
|  | Thomas C. Frongillo, Counsel for Jorge Salcedo |
|  | Pierce Bainbridge Beck Price & Hecht LLP |
|  | One Liberty Square, 13th Floor |
|  | Boston, MA  02109 |
|  | Tel: (617) 401-7289 |
|  | tfrongillo@peircebainbridge.com |
| Dated: January 10, 2020 | */s/  Stephen G. Larson* |
|  | Stephen G. Larson, Counsel for Jovan Vavic |
|  | Larson O'Brien LLP |
|  | 555 S. Flower Street, Ste. 4400 |
|  | Los Angeles, CA  90071 |
|  | (213) 436-4864 |
|  | slarson@larsonobrienlaw.com |
| Dated: January 10, 2020 | */s/  Charles McGinty* |
|  | Charles McGinty, Counsel for Mikaela Sanford |

897923.1

51 Sleeper Street  
Boston, MA 02210  
(617) 223-8061  
Charles_McGinty@fd.org

**CERTIFICATE OF SERVICE**

    I, Kristen A. Kearney hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 10, 2020.

/s/ <i>Kristen A. Kearney</i>  
KRISTEN A. KEARNEY  
Assistant United States Attorney

897923.1