UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(7) MARTIN FOX,<br>      Defendant. | No. 19-cr-10081-IT<br>**REDACTED** |

**GOVERNMENT'S OPPOSITION TO DEFENDANT MARTIN FOX'S EMERGENCY MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

The government respectfully opposes defendant Martin Fox's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). While Fox's medical condition places him at increased risk of severe illness should he contract COVID-19, which constitutes an "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A), his condition and associated risks were known to the Court at the time of sentencing. Because Fox's condition has not changed, his motion should be denied.

**RELEVANT BACKGROUND**

**Fox's Sentence**

Fox pled guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), in connection with his repeated participation in both aspects of William "Rick" Singer's scheme to fraudulently inflate students' standardized test scores and to admit them to universities as purported athletic recruits in exchange for bribes. On November 13, 2020, the Court sentenced Fox to 3 months' imprisonment and 15 months' supervised release with three months to be served in home confinement. Dkt. 560. At Fox's sentencing, the Court stated that it would accommodate requests to delay Fox's report date with the hope that "we can get past both the worst of the COVID pandemic and also allow for Mr. Fox's health to stabilize." Dkt. 562 at 45. Nevertheless, "to

1

ensure that the sentence does reflect the seriousness of the offense and is a just punishment and . . . avoids unwarranted sentencing disparities[,] . . . I am including a period of incarceration." *Id*.

**BOP's Response to the COVID-19 Pandemic**

Mindful of the concerns created by the COVID pandemic, the Bureau of Prisons ("BOP") has made extensive efforts to stop the spread of the virus in its facilities. They include: (1) transferring more than 21,000 inmates to home confinement; (2) minimizing the number of people coming into BOP facilities to limit exposure points by temporarily suspending visitors, maximizing telework, and decreasing internal movement; (3) substantially expanding COVID-19 testing capabilities to quickly isolate sick individuals; and (4) administering vaccines to staff and inmates as it becomes available.[1] BOP also requires that all new inmates be tested for COVID-19 upon arrival and quarantined for 14 days before being introduced into the general population.[2]

At FMC Ft. Worth, a temporary unit has been set up to house inmates undergoing quarantine. This unit is a gym-sized, metal-reinforced structure with indoor showers, toilets, and heating and cooling. While referred to as the "tent unit," this is somewhat of a misnomer, as the unit is more substantial and does not have flaps that open and close. To mitigate contact between potentially infected inmates, Fox's movement during his quarantine was necessarily restricted.

---

[1] *See* BOP COVID-19 Action Plan, available at https://www.bop.gov/resources/news/20200313_covid-19.jsp; BOP Update on COVID-19, available at https://www.bop.gov/resources/news/pdfs/20200324_bop_press_release_covid19_update.pdf; BOP COVID-19 Action Plan: Phase Five, available at https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp; BOP, Bureau of Prisons Expands COVID-19 Testing (Apr. 24, 2020), available at https://www.bop.gov/resources/news/pdfs/20200423_press_release_covid19_testing.pdf. *See also* Statement of Michael D. Carvajal, Director, and Dr. Jeffrey Allen, Medical Director, Federal Bureau of Prisons, Before Committee on the Judiciary, United States Senate (June 2, 2020), *available at* https://www.bop.gov/resources/news/pdfs/06022020_written_statement.pdf ("Carvajal Statement").

[2] *See* Carvajal Statement; *see also* BOP, "Correcting Myths and Misinformation about BOP and COVID-19," *at* https://www.bop.gov/coronavirus/docs/correcting_myths_and_misinformation_bop_covid19.pdf (last accessed February 18, 2021).

Nevertheless, Fox had access to books, mail, and a limited commissary. For the latter part of his quarantine, a television was installed in the unit. BOP also provided sporadic access to email and telephone to quarantined inmates. Additionally, medical staff visited Fox daily during his quarantine, and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[3] See Ex. A (Excerpt of Fox BOP Medical Records) at 13-19.[4]

Inmates at FMC Ft. Worth are quarantined in cohorts based on their date of arrival at the facility. Fox's cohort of inmates who arrived on January 8, 2021 inadvertently commingled at the showers with a cohort of inmates who had arrived on a different date, and as a result, both cohorts had to extend their quarantine period. Fox was released from quarantine on February 10, 2021.

## ARGUMENT

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. See Dillon v. United States, 560 U.S. 817, 824 (2010). One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" if it finds "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C.



[3] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[4] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

§ 3582(c)(1)(A).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  *Id.*[5]

The government does not dispute that Fox has presented with a condition ▇▇▇ that, under current CDC guidelines, puts him at risk of severe illness from COVID-19.  Current Department of Justice guidance acknowledges that having a CDC risk-factor is an "extraordinary and compelling circumstance."  However, Fox presented with this condition at his sentencing, and the Court nevertheless determined that a period of incarceration was needed to "reflect the seriousness of the offense . . . just punishment and . . . avoid[] unwarranted sentencing disparities."  Dkt. 562 at 45.  Any reduction in Fox's sentence would undermine these sentencing goals.

Further, the Court indicated it would entertain a motion to delay his report date to "get past both the worst of the COVID pandemic and also allow for Mr. Fox's health to stabilize."  *Id.*  While understandable that Fox wants to put this matter behind him, Mot'n at 2, he was not facing an indefinite delay.  Rather, given the rollout of COVID-19 vaccines and decreasing case counts across the United States, it is likely a delay of a few months would have been sufficient.[6]  Instead, knowing the risks of reporting to prison in a pandemic and the conditions he would face to mitigate the spread of the disease, Fox chose to report rather than seek to delay his sentence.  Fox should

---

[5] A motion under § 3582(c)(1)(A) may be made either by the BOP or a defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*  Here, Fox submitted a request on January 25, 2021, which was rejected on February 18, 2021.

[6] *See, e.g.*, "Covid-19 Live Updates: Biden Suggests All Americans Could Be Offered Vaccines by August," NY Times (Feb. 17, 2021), *available at* https://www.nytimes.com/live/2021/02/16/world/covid-19-coronavirus?auth=login-email&login=email.

not be permitted to use that choice to reduce the already short sentence this Court only recently determined was just and appropriate.

The government respectfully submits that the better course is to allow BOP to assess whether Fox is a suitable candidate for home confinement under the CARES Act. That review is currently ongoing.[7]

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Center's motion to reduce his sentence to home confinement.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Kristen A. Kearney
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: February 22, 2021                    /s/ Kristen A. Kearney
                                            Kristen A. Kearney

---

[7] The government notes, however, that BOP may not be able to complete its review of Fox's eligibility for home confinement under the CARES Act before he is released given the brevity of his sentence.